UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VICTORIA S. MORGAN,

      Plaintiff,

v.

VILLAGE OF NEW LEXINGTON,

      Defendant.

Case No. 2:07-cv-1180
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for partial summary judgment. (Doc. # 26.) For the reasons that follow, the Court finds the motion well taken.

### I. Background

Beginning in January 2003, Plaintiff, Victoria S. Morgan, began working for Defendant, the Village of New Lexington, as the Mayor's Court/Payroll Clerk. She had previously held several other positions with Defendant. In her capacity as Mayor's Court/Payroll Clerk, Plaintiff was responsible for functioning as the clerk of the Village of New Lexington's Mayor's Court, which included such duties as filing reports with the Bureau of Motor Vehicles. She was also responsible for processing the payroll for New Lexington employees. Plaintiff faced a backlog of work in both capacities and, coupled with issues arising from new payroll and Mayor's Court computer software programs, she worked overtime. Defendant paid Plaintiff overtime pay.

Apparent conflicts arose between Plaintiff and some others in the workplace, the substance of which is irrelevant for purposes of addressing the motion at issue today. Either as an outgrowth of these conflicts or not, New Lexington Mayor Janine Conrad asked Plaintiff to

1

produce three of Plaintiff's most recent timesheets in January 2005. Plaintiff was then directed to deliver all of the 2004 New Lexington payroll records to New Lexington Police Chief Jeffrey Newlon. Thereafter, on January 27, 2005, the Mayor informed Plaintiff that Plaintiff was not to report to work until further notice. In February 2005, a predisciplinary conference was held involving eighteen charges of misconduct against Plaintiff involving primarily both payroll and sick leave issues and purported neglect of duties. In a February 22, 2005 letter, Defendant terminated Plaintiff's employment. The following month, the Ohio Auditor of State issued findings against Plaintiff in which the Auditor concluded that Plaintiff had improperly received $9,398.39 in overtime pay. As a result of this loss of overtime, the Auditor also found that Plaintiff had improperly received $1,131.42 in paid sick leave.

Plaintiff disputed these findings and the procedures employed during the investigation of her. This dispute resulted in her filing a mandamus action in state court to obtain records under the Ohio Public Records Act. Eventually, Plaintiff filed the instant action on November 14, 2007. She asserts seven claims in her Amended Complaint (Doc. # 12), only two of which are involved in a motion for partial summary judgment (Doc. # 26) that she filed on May 18, 2009. Defendant originally moved to strike this motion (Doc. # 41), but then withdrew the motion to strike (Doc. # 44). Defendant failed to file a response to the motion for partial summary judgment. The period of briefing on that motion has closed, and the motion is now ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

Plaintiff moves for partial summary judgment on Counts I and II of her Amended Complaint, the declaratory judgment and FLSA counts. In Count I, Plaintiff claims that she is entitled to a declaration that she was legally entitled to receive the overtime compensation at issue, in contravention of the findings of the Ohio Auditor of State. In Count II, Plaintiff then claims that Defendant's attempt at procuring reimbursement for the overtime paid is a willful

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.  Plaintiff asserts that she was properly paid all of the regular wages and overtime to which she was entitled under the FLSA.

The FLSA provides:

> No employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Thus, with certain narrow exemptions that are inapplicable here, "[t]he FLSA requires employers to pay employees at a rate of 150% of their normal pay for work performed in excess of forty hours per week."  *Bowers v. NOL, LLC*, 114 F. App'x 739, 740 (6th Cir. 2004).  *See also Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004).  An employer's knowledge of such overtime work performed is a critical component of an FLSA claim, as the Sixth Circuit has explained:

> "[A]n employee," . . . "must be compensated for time she works outside of her scheduled shift, even if the employer did not ask that the employee work during that time," but this requirement applies only if "the employer 'knows or has reason to believe that the employee is continuing to work' and that work was 'suffered or permitted' by the employer." *Kosakow v. New Rochelle Radiology Assocs., P.C.,* 274 F.3d 706, 718 (2d Cir.2001) (quoting 29 C.F.R. § 785.11) (brackets omitted).  Quite sensibly, "an employer cannot suffer or permit an employee to perform services about which the employer knows nothing." *Holzapfel v. Town of Newburgh,* 145 F.3d 516, 524 (2d Cir.1998).

*Wood v. Mid-America Management Corp.*, 192 F. App'x 378, 380 (6th Cir. 2006).

To establish a *prima facie* case of a violation of the duty to compensate an employee for overtime, a plaintiff must show that "(1) there exists an employer-employee relationship; (2) there was an engagement in activities within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law."  *Kowalski v. Kowalski Heat Treating, Co.*,

4

920 F. Supp. 799, 806 (N.D. Ohio 1996). *See also Herman v. Palo Group Foster Home, Inc.*, 976 F. Supp. 696, 700-01 (W.D. Mich. 1997). There is no dispute here that Defendant and Plaintiff were employer-employee. There is also no dispute that Plaintiff received overtime compensation.

The only potential dispute based on the pleadings could be whether Plaintiff permissibly worked the overtime hours asserted, but the summary judgment evidence resolves this issue in Plaintiff's favor. Plaintiff has supplied the only evidence before the Court on this issue in the form of her affidavit.[1] *See, e.g.*, Doc. # 51, Morgan Aff. ¶ 11 ("On June 17, 2004, for example, I worked four hours of overtime trying to resolve computer problems with the payroll.") & ¶ 12 ("During the March 11-24, 2004 pay period, for example, I worked four hours of overtime on the GBS software, with the Mayor's approval."). Moreover, some of this same uncontested evidence demonstrates that Defendant had actual or constructive knowledge of Plaintiff's overtime. For example, Plaintiff stated in her affidavit:

> I generated paychecks for myself only for the hours I actually worked, as reported to the City on my bi-weekly payroll reports ("timesheets"). These timesheets were available to the City Administrator and the Finance Director at all times. From time to time the City Administrator would initial such timesheets to indicate his approval, but he was very erratic in performing those reviews. From my commencement in the Mayor's Court/Payroll Clerk position until approximately October of 2004, Finance Director Moore manually co-signed all City employee paychecks with me, including my paycheck. After approximately October of 2004, per the Finance Director's directive, both my signature and the Finance

---

[1] Plaintiff originally filed an affidavit as an attachment to her motion for partial summary judgment on May 18, 2009. (Doc. # 26-2.) On July 17, 2009, Plaintiff then filed a second affidavit in an effort to correct a typographical error in her first affidavit. (Doc. # 51.) Because the time for filing such summary judgment evidence had passed, Plaintiff should have filed a motion seeking leave to file the second affidavit, which should have been proffered as an attachment to the second affidavit. Defendant has not sought to strike the second affidavit, however. This Court will consider the second affidavit as properly filed.

> Director's signature were computer generated on the paychecks. Still, I had to advise the Finance Director of the amount of each payroll so she could transfer sufficient funds from the City's General Account in to the Payroll Account to cover the paychecks.

(Doc. # 51, Morgan Aff. ¶ 14.) Plaintiff's time sheets thus communicated to Defendant that she was working the overtime at issue in this case. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008) (holding that time sheets indicating overtime and submitted to an employer on a weekly basis communicated to the employer that employees were working overtime).

In reaching this last conclusion, the Court is cognizant that more than mere access by the employer to the timesheets existed in this case. Plaintiff states that the City Administrator initialed at least some of the timesheets. Because there is no evidence that the City Administrator initialed those timesheets indicating overtime, however, Plaintiff's statement does not alone necessarily distinguish the facts *sub judice* from situations in which courts have held that "[a]n employer's access to time sheets, standing alone, does not provide constructive knowledge that [a] plaintiff was working overtime hours." *Prince v. MND Hospitality, Inc.*, No. H-08-2617, 2009 WL 2170042, at *9 (S.D. Tex. July 20, 2009) (citing *Newton v. City of Henderson*, 47 F.3d 736, 749 (5th Cir. 1995)). But the uncontested evidence indicates that the Finance Director co-signed Plaintiff's paychecks until October 2004 and that at least some of these checks would have reflected overtime pay. The Finance Director thereafter approved electronic signatures on the checks while supervising only the overall amount of payroll involved–a payroll that when varying should have alerted the Finance Director to potential overtime issues.

Further supporting Plaintiff's claim that Defendant had constructive if not actual knowledge of her working overtime is the undisputed factual representations that various agents

6

of Defendant expressed an understanding that the issues surrounding Plaintiff's duties would require work above and beyond the typical.[2] One court has explained that an employer's knowledge of extensive work demands can demonstrate constructive knowledge, stating:

> [E]ven in the absence of time sheets or other documentation apprising the Town that plaintiff worked the overtime he now claims, the defendants' constructive knowledge might be imputed from evidence demonstrating the police department's awareness that plaintiff's canine responsibilities were so extensive that he could not have completed them during his regular shift and the two hours per week of overtime the Town allotted. In *Newton v. City of Henderson,* 47 F.3d 746, 749 (5th Cir.1995), for example, the court of appeals indicated that had the evidence clearly established the chief of police's awareness of the plaintiff police officer's need to work overtime in order to meet the demands of the plaintiff's undercover assignment, knowledge of plaintiff's off-duty efforts could justifiably have been attributed to the police department.

*Holzapfel v. Town of Newburgh, N.Y.*, 950 F. Supp. 1267, 1276 (S.D.N.Y. 1997). The evidence here tracks the foregoing analysis. In her affidavit, Plaintiff states:

> Upon starting in my new position as Mayor's Court/Payroll Clerk, Mayor Conrad told me to "do whatever it takes" to perform my new position(s) properly. I understood this statement to include working any overtime necessary to perform any essential Mayor's Court Clerk or Payroll Clerk functions. Mayor Conrad also informed me that on those days when regular Mayor's Court sessions were held . . . . I had the option of receiving compensatory time or being paid overtime for the additional hours required.

(Doc. # 51, Morgan Aff. ¶ 4.) Plaintiff also states that "[d]uring the March 11-24, 2004 pay period . . . I worked four hours of overtime on the GBS software, with the Mayor's approval." (*Id.* § 12.) Based on such uncontested evidence, no reasonable juror could conclude that Defendant did not have actual or constructive knowledge of Plaintiff's working overtime and

---

[2] Plaintiff states in her affidavit, however, that the City Administrator had instructed her not to work any overtime. (Doc. # 51, Morgan Aff. § 10.) This conflicts with the instructions of the Mayor and, in any event, does not obviate the fact that other agents of Defendant had actual or constructive knowledge that Plaintiff was working overtime and suffered or permitted her to do so.

that Defendant did not suffer or permit such additional work.

In light of the conclusion mandated by the only evidence before this Court, the Court must grant summary judgment on Counts I and II of Plaintiff's Amended Complaint. In so doing, the Court is cognizant that Defendant has failed to oppose Plaintiff's Rule 56 motion with argument or evidence, and no party suggests that this is a case in which abstention is somehow appropriate given the state proceedings involved or that Count II somehow impermissibly asserts a claim for violating the FLSA based on a demand for reimbursement that has not yet been fulfilled.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment. (Doc. # 26.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE